IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANDREW W. BRIGHT, #250715, ) | |
| ) | C/A No. 0:05-2992-RBH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| STATE OF SOUTH CAROLINA; and HENRY ) | |
| MCMASTER, Attorney General of South ) | |
| Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This Petition for a writ of habeas corpus was filed on October 19, 2005,[1] pursuant to 28 U.S.C. § 2254. The Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 23, 2006. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 24, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a written opposition to the motion for

---

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988). See order filed November 2, 2005 at n. 1.



summary judgment on February 15, 2006. This Petition is now before the Court for disposition.[2]

## Procedural History

The Petitioner is presently confined pursuant to commitment orders from the Lancaster County Clerk of Court. Petitioner was indicted by the Lancaster County Grand Jury for kidnaping [Indictment No. 97-GS-29-945]; and three counts of pointing a firearm [Indictment Nos. 97-GS-29-942; 943; 945]. (R.pp. 29-30, 33-34, 37-38, 41-42). Petitioner was represented by Leon Banks, Esquire, and on June 22, 1998, pled guilty as charged. (R.pp. 1-20). As part of the plea agreement, two other counts of kidnaping and one criminal sexual conduct charge against the Petitioner were dropped. (R.pp. 9-10). Petitioner was sentenced to eighteen (18) years imprisonment for kidnaping, and five (5) years, concurrent, for each charge of pointing a firearm. (R.pp. 19-20). Petitioner did not appeal his conviction and/or sentence.

On February 25, 1999, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court. (R.pp. 45-51). Petitioner raised the following issues in his APCR:

(a) Violation of attorney-client privilege.

(b) Ineffectual counsel.

(R.p. 46).

An evidentiary hearing was held on October 17, 2000, at which Petitioner was present and represented by Alson Devenney, Esquire. (R.pp. 55-81). On March 11, 2003, the PCR judge

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



granted the PCR Petition and reinstated the indictments. (R.pp. 83-86).

The State then timely filed a notice of appeal with the South Carolina Supreme Court, raising the following issue:

Probative evidence does not support a finding that counsel was ineffective.

See Petition, p. ii.

Petitioner, represented by Daniel T. Stacey, Chief Attorney with the South Carolina Office of Appellate Defense, filed a Return to the Petition for Writ of Certiorari on November 6, 2003. On June 9, 2004, the South Carolina Supreme Court issued an Order granting certiorari and instructing the parties to serve and file the appendix and briefs. See Order dated June 9, 2004. After both parties filed their briefs, the South Carolina Supreme Court entered an order reversing the PCR court's ruling and reinstating Petitioner's convictions and sentence on August 15, 2005. See Bright v. State, Op.No. 26025 (filed Aug. 15, 2005). On August 29, 2005, Petitioner filed a Petition for Rehearing. On September 13, 2005, the State Supreme Court denied Petitioner's Petition for rehearing and the Remittitur was sent down.

Petitioner then filed this habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254, raising the following issues:

**Ground One**: Violation of Amendments V and XIV of United States Constitution; Right to Due Process.

**Ground Two:** Violation of Amendment VI of United States Constitution; ineffective assistance of counsel; right to be informed of the nature and cause of the accusation.

Petition, pp. 6-7, and attachments.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P.,

3



submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In  Ground One of his Petition, Petitioner contends that his counsel was ineffective for not meeting with him prior to trial, not sharing relevant evidence and indictment, and for not conducting discovery.  In Ground Two, Petitioner alleges that trial counsel was ineffective for failing to inform him of, or discuss with him, the nature and cause of the accusations against him. Respondents do not contest that these issues were all raised at the state court level and are properly exhausted.

The South Carolina Supreme Court reinstated Petitioner's convictions, finding that Petitioner's trial counsel provided effective representation and negotiated a favorable plea on Petitioner's behalf.  However, where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568

4



(4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) (en banc), cert. denied, 112 S.Ct. 74 (2001); see also Evans v. Smith, 220 F.3d 306, 312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced



the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

After review of the record in this case, the undersigned agrees with the State Supreme Court that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner essentially argues that his counsel's subsequent disbarment demonstrates his ineffectiveness. In the Matter of Leon C. Banks, 542 S.E.2d 721 (S.C. 2001); see also In the Matter of Leon C. Banks 520 S.E.2d 316 (S.C. 1999). However, "[a] variety of state and federal cases clearly hold that, unless it is somehow causally related to the representation at issue, disbarment after the representation is not automatically suspect." Padgett v. United States, 302 F.Supp.2d 593, 603-604 (D.S.C. Feb. 9, 2004), appeal dismissed, 119 Fed.Appx. 440 (4th Cir. 2005); see also United States v. Stevens, 978 F.2d 565 (10th Cir. 1992); United States v. Mouzin, 785 F.2d 682, 696-698 (9th Cir. 1986), cert. denied, 479 U.S. 985 (1986); Ives v. Boone, 101 Fed. Appx. 274, 295 (10th Cir. 2004), cert. denied, 543 U.S. 1026 (2004). Here, Petitioner has not shown any causal connection between his trial counsel's subsequent disbarment (apparently for financial reasons) and his representation of the Petitioner.

Petitioner also argues that his counsel was ineffective for failing to discuss the case with him and because he conceded Petitioner's guilt in an earlier proceeding. Petitioner also contends that counsel did not discuss the evidence with him, never discussed the indictments, and



was ineffective in not requesting a bond hearing, preliminary hearing, or Blair[3] hearing. However, Petitioner testified at his guilty plea that he understood the charges; was not under the influence of drugs or alcohol; that his attorney had answered all of his questions and had done everything asked of him; that he had no problems whatsoever with counsel's representation; and that he understood all of the aspects of the plea agreement. (R.pp. 5-6). Further, trial counsel stated the following at the plea hearing:

> Now, I have taken some time, as I'm required to do, to go over with him the elements of the charges and how his actions would have satisfied those elements, both on the pointing and on the kidnaping. We talked about issues of restraint and nonrestraint. We talked about issues of time, and we talked a lot about him taking the stand and his version of it, and basically, it's one of those situations, Judge, that may occur in a crime such as a DUI where the reason somebody gets upset and does something is proof but isn't a defense to the crime.
>
> His emotional baggage and his anger and the way he expressed that gave rise to elements that had we proceeded to trial he would have been found guilty on. I don't think there's any question about that. He understands that, and is, therefore, pleading guilty freely and voluntarily to that.
>
> The mental health evaluation was necessary because of the nature of the charges and nature of the history between these people, but I did not think it would come back incompetent, and it did not. [The Petitioner] has been very forthright with me. He's cooperated with me and my staff, has always told me exactly what happened.
>
> His version of the facts is identical to that of the State's. There is very little difference. Now, his version of what's happened in the last 20 years is important, but it would have been important only for a non-negotiated plea or only for purposes of a trial and litigation.

(R.pp. 15-16).

Petitioner followed this statement by his attorney by stating "It's true that I did what I'm accused

---

[3]State v. Blair, 273 S.E.2d 536 (S.C. 1981).



of doing, your honor." (R.p. 16).

The record of Petitioner's guilty plea fails to provide any support for his claim. As noted by the State Supreme Court, the plea hearing transcript reflects that counsel had gone over the charges and elements with the Petitioner, had met with him prior to the plea hearing, that counsel had a full understanding of the facts, that Petitioner was fully satisfied with counsel's representation, and that counsel was able to negotiate an advantageous and favorable plea on Petitioner's behalf. In disputing this record, Petitioner has failed to present any evidence to support his claim that his counsel was ineffective other than his own conclusory statements, which the State Supreme Court did not find supported a finding of ineffective assistance of counsel.  Based upon a review of the record in this matter, the undersigned does not find that Petitioner has presented evidence to overcome these findings.

Finally, with respect to Petitioner's claim that his guilty plea was involuntary, the record shows that at the guilty plea hearing Petitioner affirmed that he understood he was pleading to a negotiated deal including one count of kidnaping and three counts of pointing and presenting a firearm, that as a result the Solicitor was dismissing two other counts of kidnaping and also a charge of criminal sexual conduct in the third degree, that the State was seeking a 20 year sentence on the kidnaping charge (rather than the possibility of a sentence of thirty (30) years, which he was facing on each of three kidnaping charges) as a result of his plea, and that the State was seeking whatever sentence the trial court chose to impose on the pointing and presenting charges with those sentences to run concurrent with the kidnaping sentence.   (R.pp. 9-10).   Petitioner also affirmatively testified that he committed the offenses to which he was pleading guilty, that no one had promised him anything, that no one had threatened him or held out any hope of reward to get



him to plead guilty, that he understood the charges and the possible maximum punishments, that he was not suffering from any condition, mental or physical, that could affect his understanding, that he fully understood what he was doing, that he was satisfied with his attorney's services and representation in the matter, that his attorney had answered all of his questions, that his attorney had contacted everybody that Petitioner had asked him to contact, that his attorney had done everything on his behalf that he could or should have done, and that Petitioner did not have any problems with his representation. (R.pp. 5-6, 9-10, 16-17). The South Carolina Supreme Court found that counsel's plea negotiations proved advantageous and that counsel successfully negotiated a plea agreement in which two kidnaping and one criminal sexual conduct charge were dropped, with the Solicitor agreeing to ask for twenty (20) years imprisonment on the remaining kidnaping charge rather than the thirty (30) years maximum statutory sentence Petitioner was facing, and for the sentences on the pointing a firearm charges to be served concurrent. See Bright v. State, Memo Op. No. 26025 (filed August 15, 2005).

This record shows that Petitioner chose to plead guilty, and that he did so freely and voluntarily. Hence, Petitioner has failed to show his plea was involuntary.[4]  See Boykin v. Alabama, 395 U.S. 238 (1969); Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Vanater v. Boles, 377 F.2d. 898 (4th Cir. 1967). Petitioner has not provided the Court with any evidence, other than conclusory and self-serving statements, that he did not intend to plead guilty to the charges, under oath to the presiding

---

[4]With regard to any argument that Petitioner's mental condition may have affected his decision to plead guilty, Petitioner has failed to produce any evidence to support this allegation. .



judge, without objection in open court. While Petitioner now makes several allegations to explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings…The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case.

In sum, Petitioner has failed to present evidence sufficient to show that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra.  Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Hence, Petitioner's claims that his counsel was ineffective on these grounds, or that his guilty plea was in any way coerced or involuntary, are without merit and should be dismissed. Fisher, 215 F.3d at  446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].



**Conclusion**

Based on the foregoing, it is recommended that Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 22, 2006

11



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street Columbia, South Carolina 29201

12

