UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Andrew W. Bright, #250715, | ) | C/A No. 0:05-2992-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State of South Carolina; and Henry | ) | |
| McMaster, Attorney General of South | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Andrew W. Bright is an inmate of the South Carolina Department of Corrections

("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging

violations of due process under the Fifth and Fourteenth Amendments and violations of the Sixth

Amendment. Both grounds appear to be based upon alleged ineffective assistance of counsel and an

alleged involuntary guilty plea. The petition was filed on October 19, 2005.

Petitioner is serving a sentence of eighteen (18) years for kidnapping and five (5) years for

three counts of pointing a firearm, running concurrently. Petitioner pled guilty in the South Carolina

Court of General Sessions before Judge Paul M. Burch on June 22, 1998. Petitioner did not appeal

his conviction or sentence. Petitioner filed an application for post-conviction relief (PCR) which was

granted by order of Judge Kenneth G. Goode dated March 11, 2003. The State filed a Petition for

Writ of Certiorari with the South Carolina Supreme Court from the order granting post-conviction

relief, and the Petition was granted. The Supreme Court reversed the order of Judge Goode which

granted PCR on August 15, 2005. *Bright v. State*, Op. No. 26025 (filed Aug. 15, 2005). The Petition

1

for Rehearing filed by the petitioner was denied on September 13, 2005.

Respondents filed a motion for summary judgment in the case at bar on January 23, 2006. United States Magistrate Judge Bristow Marchant issued an order filed January 24, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On February 15, 2006, petitioner filed a response to respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant filed May 22, 2006. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On June 6, 2006, petitioner filed his objections to the Report. Petitioner argues that he is entitled to relief on the merits of his petition.

## Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of

2

counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*,

3

529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

Petitioner asserts in his objections that his appointed counsel's "illegal and unprofessional conduct during his representation," rendered him ineffective because he was later disbarred from the practice of law. Petitioner's attorney, Leon Banks, consented to disbarment as a result of conversion of funds he received from the Office of Indigent Defense and the public defender corporations for Lancaster and Kershaw Counties in 1997 and 1998. *In the Matter of Banks*, 344 S.C. 17, 542 S.E. 2d 721 (2001). He violated the canons of professional responsibility regulating attorney trust accounts and committed the crime of check kiting when he deposited a personal check with insufficient funds into his trust account in an effort to make up for the lack of funds in that account. He therefore violated Rule of Professional Responsibility 8.4 which prohibits dishonest or criminal conduct. He also was found to have engaged in conduct that brought the court system into disrepute.

The Court finds, however, that the financial dishonesty of the petitioner's attorney has no causal relationship to his representation of the plaintiff. The Fourth Circuit has rejected a *per se* rule that counsel is ineffective due to the fact he is under investigation at the time of the entry of a guilty plea and subsequently disbarred. *See Roach v. Martin*, 757 F.2d 1463 (4th Cir. 1985); *Soering v. Deeds*, 217 F.3d 840, 2000 WL 870490, at 5 (4th Cir. 2000). Judge Blatt addressed similar issues in *Padgett v. United States*, 302 F.Supp.2d 593, 603-604 (D.S.C. 2004), *appeal dismissed*, 119 Fed. Appx. 440 (4th Cir. 2005). In *Padgett*, the court distinguished between the situation where an attorney was already disbarred at the time of the representation and the one presented where the disbarment occurs after the representation. The court also found that the reason for the disbarment was relevant and that a claim of ineffectiveness of counsel would be more effective where an attorney was found to be incompetent

4

in connection with client representation in the disciplinary proceedings, as distinguished from the situation where an attorney violates "technical bar requirements." In *Padgett*, the attorney was disbarred after his representation of the criminal defendant for unrelated "personal use of escrow funds." The Court stated, "This fraudulent act had absolutely nothing to do with representing the Petitioner in a guilty plea on federal child pornography charges." *Id*. at 604. The court accordingly concluded that the petition for habeas corpus should be dismissed.

The petitioner asserts that his attorney's unprofessional violations involved the Lancaster County public defender; that this corporation paid Banks for representing him; and that this constitutes a conflict of interest in violation of the Sixth Amendment. However, the Court finds that the petitioner has made no showing that Banks' professional violations had any bearing on his representation of the petitioner in general sessions court. This argument lacks merit.

Petitioner additionally asserts that his right to effective assistance of counsel was jeopardized by the fact that, since Banks did not request the court to make a finding on the record that the kidnapping offense to which he pled guilty did not include criminal sexual conduct (CSC), he had to register as a sex-offender pursuant to S.C. Code Ann. § 23-3-430 (1976). It does not appear that this issue was raised in the habeas petition and accordingly was not considered by the Magistrate Judge. Therefore, it is not necessary for the Court to consider the argument. However, since the petitioner is proceeding *pro se*, the Court will address it. The Court notes that the plaintiff was initially charged with CSC, but that this offense was dropped during plea negotiations. (Tr. p.9) In addition, assuming for the sake of argument that petitioner's attorney should have requested the court to make such a finding, this does not meet the required standard for ineffective assistance of counsel under AEDPA. No federal or constitutional right was violated by failure to request this finding, and an unreasonable interpretation

5

of the facts did not occur, in light of the evidence presented. No showing has been made that the petitioner would not have pleaded guilty, even without the finding that he now wishes had been made by the court, where two kidnapping charges were dismissed as well as the CSC third degree charge, and the solicitor recommended that the sentence for the firearm charges should run concurrently with the sentence for kidnapping.

The record supports the determination by the South Carolina Supreme Court that counsel was not ineffective. The court noted that, had the petitioner not pleaded guilty, he could have received a sentence of thirty years on one kidnapping charge alone. It also noted that the "plea negotiations . . . proved advantageous", as two kidnapping and one criminal sexual conduct charge were dropped by the Solicitor; the solicitor requested a twenty-year sentence; and the solicitor asked the court to run the sentences for pointing a firearm concurrently with the sentence for kidnapping. Furthermore, the state court's determination is not contrary to, or an unreasonable application of, clearly established law and is not based on an unreasonable determination of the facts in light of the facts presented at the PCR hearing. 28 U.S.C. § 2254(d).

### Voluntariness of Guilty Plea

Petitioner objects to the finding in the Report that the guilty plea was entered voluntarily. He contends that, when he stated at the time he entered his guilty plea that he was satisfied with his attorney, he was not aware of the following: that his attorney, Mr. Leon Banks, was involved in illegal conduct at the time; that he had not read the indictments; that he was not aware of his right to discovery; that he did not know he was entitled to a *Blair* hearing; that he did not know that the range of sentence for kidnapping was 0-30 years, not 30 years; and that he did not know that the prosecutor would establish a connection between the criminal sexual conduct charges and the other charges and the

consequences of same.

A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56. A plea is knowingly and intelligently made if a defendant is fully aware of the direct consequences of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by promises that are by their nature improper as having no relationship to the prosecutor's business. *Brady v. U.S.*, 397 U.S. 742, 755 (1970). The defendant may not later assert that his plea was invalid except in extremely limited situations, such as where counsel was ineffective. *Blackledge v. Allison*, 431 U.S. 63 (1977).

The record reflects that the petitioner stated as follows at the plea hearing:

Q. Do you understand all these charges?
A. Yes, Sir.
Q. You also understand the possible punishment you could receive on those?
A. Yes, Sir.
Q. You understand your jury trial rights?
A. Yes, Sir.
Q. Are you presently under the influence of any drugs, alcohol or medication?
A. No, Sir.
Q. Are you suffering from any condition, mental or physical, that could be affecting your understanding at this time?
A. No, Sir.
Q. Do you fully understand what you are doing?
A. Yes, Sir, I do.
Q. Are you satisfied with your attorney's services and representation in this matter?
A. Yes, Sir.
Q. Has he answered all your questions.
A. Yes, Sir.
Q. Contacted everybody you asked him to contact?
A. Yes, Sir, as far as I know.
Q. Any problems with his representation, I want to hear it now.
A. No, Sir. I don't have any.

App., pp. 5-6.

7

The court then reviewed the indictments to which the petitioner was pleading guilty and asked if he understood the charges and the possible punishment he could receive; his right to remain silent; his right to a jury trial; his right of cross-examination and to present witnesses; his right to testify or not to testify, with an instruction not to hold a decision not to testify against the defendant; the presumption of innocence; guilt beyond a reasonable doubt; and the right to appeal any guilty verdict. The court also denied being promised anything or threatened in any way. The petitioner also averred that he was entering the plea freely and that he was guilty of "pointing a firearm and kidnapping." Appendix, p. 10. The Court finds that the petitioner has not proved that his guilty plea was not made voluntarily.

Mindful of this Court's deferential standard of review set forth in 28 U.S.C. § 2254 (d), this Court agrees with the analysis of the Magistrate Judge.

### Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**


s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 28, 2006
Florence, SC

8